## STATE COURT OF APPEALS—Continued

### No. 70
### INTERNATIONAL ASSOC. IRON WORKERS UNION v. WALTERS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5821. Decided June 26, 1925

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

**753. MEASURE OF DAMAGES—Good will and reputation not essential to consideration in arriving at amount of damages suffered by skilled mechanic.**

SAYRE, J.

Frank Walters claimed that the Union of which he is a member fined him $999.00 presumably for disturbing an election of the Union; that he has not been able to find work or employment because he has not the sanction of the Union; that he can not find employment elsewhere because the Union will not give him a clearance card; and that he is deprived of certain sick and death benefits of the Union. Also that one Hayman, business agent of the Union, has discredited him to employers, threatened him with bodily harm, and in other ways has injured his reputation and good will as a skilled mechanic.

On trial in the Cuyahoga Common Pleas, the court withdrew from the jury the question of the fine, on the ground that Walters had a right of appeal within the Union. Walters claims that when the trial judge withdrew the question of the fine that it withdrew his case, including the matters of good will and reputation.

The Court of Appeals, in error proceedings, held:

1. Walters' case for damages rests clearly on the proposition of what the business agent did in hindering and keeping him from work and injuring his good will and reputation, if damages can be recovered for the latter.

2. According to interpretation of the by-laws of the Union, Hayman was clearly within the scope of his employment and the Union is therefore liable for injury to third parties.

3. Walters has no right to recover for injury to good will and reputation for according to interpretation of the value of good will and reputation from leading cases and authorities, a skilled mechanic has no such asset within the meaning of the law. Good will and reputation are based on three elements:

4. It may be sold and exchanged.

It is connected with a place or locality.

It rests on the idea that the seller will withdraw as a competitor of the buyer.

5. The verdict of $2830.00 was excessive and not sustained by the weight of the evidence.

6. The question of the fine was admittedly irregular and there was no question of its regularity or irregularity to be submitted to the jury.

7. For error in the charge due to admitting the question of good will and reputation in consideration of the measure of damages; and became the measure of damages was in excess of the evidence, the case is reversed and cause remanded.

Judgment reversed.

Attorneys—H. W. Hawkins for Union; Chas. W. Knight, for Walters; both of Cleveland.

---

### No. 71
### PHILLIPS v. STEIN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5919. Decided Oct. 5, 1925

**923. PLEADINGS—A reviewing court will reverse a judgment where the arguments and brief shows that the pleading does not state the correct cause of action.**

PER CURIAM.

Morris Stein brought this action against Kate Phillips in the Cuyahoga Common Pleas upon a contract by virtue of which Stein was to furnish material and labor in the installation of plumbing, one of the specifications of the contract being that Phillips was to pay for such material and labor only after it was certified by the architect. Stein's petition, it seems, alleged that he had complied with the terms of the contract, while Phillips failed to comply thereto. Stein recovered a judgment in the Common Pleas and Phillips prosecuted error. The Court of Appeals held:

1. The argument and brief of counsel for Stein indicates that Stein's petition does not state the correct cause of action.

2. The action should have been in effect, that Stein completed a portion of the work, but was justified from further carrying out the terms of the contract because of the non-compliance thereof on part of Phillips.

3. Upon the face of the pleading, the verdict is not justified.

Judgment reversed.

Attorneys—H. H. Henry, for Phillips; Klein and Klein for Stein; all of Cleveland.